THE STATE ex rel. WILLARD P. HALL v. HENRY F. McELROY et al.

In Banc, July 18, 1925.

1. **SALARY: Fund out of Which Payable: No Statutory Designation.** Where the Legislature by a valid law has created an office and fixed the salary and directed that it be paid by the county, but has not designated the fund out of which it is to be paid, it will be presumed that the legislative intention was that the salary is to be paid as other official salaries are paid, that is, out of the salary fund of the county.

2. ————: ————: **Parole Board.** The salary of the members of the Board of Paroles of Jackson County, created by the acts of 1919 and 1921 and composed of the judges of the circuit court, should be paid out of the salary fund of the county, and not out of the pauper fund.

Corpus Juris-Cyc. References: Counties, 15 C. J., Section 285, p. 584, n. 61.

*Mandamus.*

ALTERNATE WRIT MADE ABSOLUTE.

*Guthrie & Conrad, Seehorn, Barnes & Schwartz, A. L. Cooper* and *Wallace Sutherland* for relator.

(1)   By law, it is made the duty of the county court, at the May term thereof, to appropriate, apportion and subdivide all the revenues collected, and to be collected, and moneys received and to be received, in the following order: 1, A sum sufficient to pay all necessary expenses that may be incurred for the care of paupers and insane persons of said county; 2, Road and bridge fund; 3, A sum sufficient for the payment of the salary of all county officers, where the same is by law made payable out of the ordinary revenues of the county; 4, Jury and election fund; 5, Contingent fund. Sec. 12866, R. S. 1919. (a)   By law, it is provided that it shall be the duty of the county treasurer to pay out the revenues thus subdivided, on warrants issued by order of the court on the respective funds so set apart and subdivided, and not otherwise. Sec. 12976, R. S. 1919.   (b)   The purpose of this apportionment is to prevent discrimination against any class of liabilities or expenses of the county. State ex rel. v. Appleby, 136 Mo. 413.   (2)   The Legislature has as much control over the revenues of the counties as it has over those of the State, unless restrained by some provision of the Constitution. State ex rel. v. Holladay, 70 Mo. 138; Hamilton v. St. Louis County Court, 15 Mo. 18; State ex rel. v. St. Louis County Court, 34 Mo. 570.   (3)   The act of the Legislature, creating the board of paroles and directing that payment of salaries due members be paid out of the general revenues of the county, is not in violation of Article 3 of the Missouri Constitution.   Neither is it in violation of Section 10, Article 10, thereof.   Hamilton v. St. Louis County Court, 15 Mo. 3; County Court v. Griswold, 58 Mo. 175; State ex rel. v. St. Louis County Court, 34 Mo. 546; Young v.

Kansas City, 152 Mo. 661; State ex rel. v. Mason, 153 Mo. 23, 47; Simpson v. Stoddard County, 173 Mo. 421, 472; State ex rel. v. Higgins, 125 Mo. 364; State ex rel. v. Birmingham, 274 Mo. 140; State ex rel. v. Jost, 265 Mo. 51. (4) The act creating the board of paroles is not open to the objection that it contains more than one subject. The object and purpose of Section 28, Article 4, of the Constitution, is to prevent incongruous, disconnected matters, which have no relation to each other, from being joined in one bill. State v. Doering, 194 Mo. 408; Cox v. Ry. Co., 174 Mo. 602; State ex inf. v. Delmer Jockey Club, 200 Mo. 56; Coffey v. Carthage, 200 Mo. 621. (5) Mandamus is the proper remedy. State ex rel. Baker v. Fraker, 166 Mo. 130; State ex rel. Koehler v. Bulger, 289 Mo. 441, 445.

*Ralph S. Latshaw* and *John T. Barker* for respondents.

(1) Sec. 13814, R. S. 1919, provides a salary to be paid relator without designating what fund it shall come from. Section 13826 in providing for the salary of the Parole Board of St. Louis under a similar act, requires a salary to be paid "in the same manner and out of the same fund" as the salaries of such judges are paid; in the Kansas City Act no special fund is mentioned; in the St. Louis Act payment is required to be made out of a special fund. It is, therefore, apparent that the Legislature did not want the Kansas City Parole Board paid out of the salary fund, but did want the St. Louis Parole Board paid out of such fund. (2) Section 13814, R. S. 1919, as amended, Laws 1921, p. 544, provides that relator shall receive a salary of fifteen hundred dollars per annum, payable in equal monthly installments; no special fund is named out of which such salary shall be paid; it was, therefore, at least a matter of discretion for the county court to determine from which fund the salary should be paid, and when such county court tendered a warrant to relator from the pauper fund,

mandamus will not lie to compel a different exercise of discretion by such county court. Decker v. Diemer, 229 Mo. 331; State ex rel. v. Court, 197 S. W. 347; State ex rel. v. Hill, 198 S. W. 844; State ex rel. v. Court, 109 Mo. 248; State ex rel. v. West, 198 S. W. 1113; State ex rel. v. Flad, 108 Mo. 614; State ex rel. v. Jones, 155 Mo. 570; State ex rel. v. Oliver, 116 Mo. 188; State ex rel. v. Board, 103 Mo. 22; State ex rel. v. Thomas, 220 S. W. 704; State ex rel. v. Pike County, 189 Mo. 610; State ex rel. v. Dickey, 280 Mo. 548; 15 C. J. 420; 18 R. C. L. 124. (3) Relator had the right to appeal from the action of the county court in refusing to issue him a warrant on the salary fund and he now has the right to sue the county for such salary. Therefore, mandamus does not lie. State ex rel. v. Hill, 272 Mo. 214; State ex rel. v. Court, 109 Mo. 248; State ex rel. v. Megown, 89 Mo. 156; State ex rel. v. Marshall, 82 Mo. 484; State ex rel. v. Court, 197 S. W. 348. (4) It is admitted by the pleadings that the county court tendered a valid and lawful warrant to relator for his pay and that he refused to accept same; relator was not entitled to control the discretion of the county court as to which fund his pay should come from and relator, after refusing to accept a warrant which would have been paid, is in no position to complain. Mandamus will not lie to compel the performance of a non-beneficial act. State ex rel. v. Corley, 168 Mo. 126; State ex rel. v. Commrs., 80 Mo. App. 206; State ex rel. v. Higgins, 76 Mo. App. 318; State ex rel. v. Draper, 50 Mo. 24; 26 Cyc. 147-8. (5) Sections 13814 and 13826, R. S. 1919, creating the parole boards of St. Louis and Kansas City, were passed by the same Legislature in 1919 and are companion acts; such statutes which are *in pari materia* should be construed together in order to ascertain the legislative intent; it is obvious the Legislature did not intend both boards to be paid out of the same fund. County v. Gordon, 241 Mo. 569; State ex rel. v. Chemical Works, 249 Mo. 702; State ex rel. v. DeWitt, 160 Mo. App. 304; Gantt v. Brown, 238 Mo. 560; In re Ryan's Estate, 174 Mo. App. 202; Blaser v. Rothschilds,

221 Mo. 180, 22 L. R. A. (N. S.) 1045; Cohn v. Railroad, 151 Mo. App. 661; 36 Cyc. 1151.

*Guthrie & Conrad, Seehorn, Barnes & Schwartz, A. L. Cooper* and *Wallace Sutherland* for relator in reply.

(1) Section 12866, Revised Statutes 1919, requiring the county court to apportion the general revenues into five distinct funds, cannot be abrogated indirectly by transferring the pauper fund to the salary fund, in payment of statutory salaries. Such discrimination and subterfuge is prohibited by the terms of the statute, and by the decisions of the Supreme Court. State ex rel. v. Appleby, 136 Mo. 413; State ex rel. v. Everett, 245 Mo. 715. (2) The integrity of the five special funds into which the general revenue of the county must be apportioned, is not subject to the discretion, whim, or caprice of the county court. Each subdivision "shall be held to be a sacred fund for the purpose for which it has been designated." The statute specifies the time when and the circumstances under which one of such funds may be transferred to another. Secs. 11042, 12975, 9565, R. S. 1919; State ex rel. v. Everett, 245 Mo. 715. (3) Relator's right to the writ of mandamus in this case is fully settled. When the act complained against is nonjudicial in character, or involves the mere performance of a discretionary power, or if same be performed in a mere administrative capacity, or if it be ministerial in effect, no appeal is authorized. Railway v. St. Louis, 92 Mo. 160; Aldridge v. Spears, 101 Mo. 405; Naeglin v. Edwards, 228 S. W. 766; Scott Co. v. Leftwich, 145 Mo. 31; State ex rel. Baker v. Fraker, 166 Mo. 130; State ex rel. Koeler v. Bulger, 289 Mo. 441.

GRAVES, C. J.—This case in one sense is a companion case of State ex rel. Thomas B. Buckner et al. v. Henry F. McElroy et al., reported at page 595 of this Report. The Buckner case was first filed, and a commissioner appointed and evidence taken and reported to this court. That case by assignment fell to Division

One, for disposition, and to the writer for an opinion. This case, although later in filing, was submitted to Court in Banc and by assignment fell to the writer for an opinion, but the opinion was delayed until State ex rel. Buckner v. McElroy could be heard orally. In the meantime satisfactory arrangements were made as to the waiving of no rights by reason of the acceptance of warrants.

Judge Hall, the relator here, is by the Acts of 1919 and 1921, a member of the Parole Board of Jackson County. The other circuit judges are likewise members of such board. As the greater stress in oral argument and in briefs were given in the Buckner case, we have written the principal opinion in that case, to which we refer for greater detail of the facts. In both cases the respondents challenged the validity of the Jackson County Parole Board Law, which received its final form by the Act of 1921, fully copied in the Buckner case. We have in the instant case the following stipulation as to our judgment:·

"In the Supreme Court of Missouri, October Term, 1923. State of Missouri, at the relation of Willard P. Hall, Relator, vs. Henry F. McElroy and Harry S. Truman, Respondents.

"STIPULATION.

"O. A. Lucas, Charles R. Pence, Nelson E. Johnson, Allen C. Southern, Samuel A. Dew, E. E. Porterfield, Thad B. Landon and James H. Austin, are judges of the Sixteenth Judicial Circuit, all of whom are similarly situated with relator with reference to the issues involved in the above entitled action.

"Now, therefore, to avoid the institution and prosecution of separate suits, it is stipulated and agreed that any final judgment on the merits herein may embrace and include all of the said circuit judges, as well as the relator, and the final judgment on the merits in this cause shall be a final determination of the issues with respect

to and as affecting the said circuit judges as and with the same respect as to relator.

> "THOMAS J. SEEHORN,
> "HENRY S. CONRAD,
> "A. L. COOPER,
> "WALLACE SUTHERLAND,
> "Attorneys for O. A. Lucas, Charles R. Pence, Nelson E. Johnson, Allen C. Southern, Samuel A. Dew, E. E. Porterfield, Thad B. Landon and James H. Austin.
> "RALPH S. LATSHAW,
> "Attorney for Respondents, Henry F. McElroy and Harry S. Truman."

In view of our ruling in Buckner's case there is but a single question for determination in this case. The county court had been paying the salaries of the members of the parole board out of the pauper fund, which it is alleged was depleted. Relator Hall, and the other judges, members of such board, contend that their salary should be paid out of the salary fund, and that the county court should be compelled to so issue their warrants upon that fund. The Act of 1921 (Laws 1921, p. 544), as to the salary reads:

"The judges of the circuit court of said judicial circuit shall each receive as compensation for his services under this law as members of said parole board solely, a salary of fifteen hundred dollars per annum, said salary shall be paid by such county in equal monthly installments. The time, place and manner of meetings of said board of paroles and the rules for performing its duties shall be fixed from time to time by a majority of said board of paroles."

In the Buckner case we ruled that certain parts of the Parole Board Law were void as being in violation of Section 36 of Article VI of the Constitution. We ruled other constitutional questions against the respondents in that case, and held that there was a valid workable law left, and a valid and legal Parole Board of Jackson County, Missouri. The purpose of the instant suit (be-

ing one in mandamus) is to compel the County Court of Jackson County to draw warrants upon the salary fund of the county for the monthly payments due to the members of the Parole Board. When read in connection with the opinion in the Buckner case, this sufficiently outlines the case now before us.

I. There is much in the briefs in this case which was abandoned by learned counsel for respondents in the argument of the Buckner case, supra. We have set out in the Buckner case all the constitutional questions lodged in that case, but in the argument learned counsel abandoned all except that the county court was the constitutional forum for *all* county business, and that such business could not be granted to circuit judges. In our opinion in Buckner's case we ruled specifically that neither a circuit court, nor a board made up of circuit judges, could be empowered to transact county business, and this sufficed to answer both of the orally argued questions. We went further and ruled that there was no doubleness of title. In both the 1919 and the 1921 acts, the titles will be found to be single, and the bills to contain germane matter. The sole trouble was that the law-makers attempted to give the parole board some powers which, by the Constitution, had been lodged with the county court. Other constitutional questions were and are without substance, so that we finally ruled, in anticipation of this case, and of a short opinion therein, that, after striking out the unconstitutional portion, there was a valid workable law left for a parole board, whose members are entitled to pay for their services. This leaves us the single question as to whether or not the county court should pay out of the salary fund of the county, or out of the pauper fund. Of this next.

II. The law creates an office, i. e., members of the Parole Board of Jackson County. The law imposes additional duties upon the circuit judges, as members of this board. Under the general law the trial judge alone passes upon the application for parole. Under this

law (an admirable feature of the bill) the applicant has a hearing before at least four circuit judges, including the one who actually tried him. The real merits of the application can be more thoroughly sifted under this law. The law after creating the office and prescribing the duties, fixes a salary of $125 per month for the performance of those duties. The law does not say from what fund this salary shall be paid. We realize that in the creation of an office, the law-makers might designate a fund out of which the salary shall be paid, and this fund may be other than the salary fund of the county. But such was not done in this case. In such situation it will be presumed that the Legislature intended the salary to be paid as other official salaries are paid, i. e. out of the salary fund of the county. We think this to be clear and without doubt. It is urged, however, that a parole board for St. Louis was enacted at the same time, and that such law, in terms, designated the salary fund. We do not think that this fact changes the presumptive intent of the Legislature in the act before us, discussed above. With these views it follows that our alternative writ of mandamus should be made permanent and absolute, and that the judgment should be entered, as per the stipulation set out in the statement of the case. It is so ordered. All concur, except *Atwood, J.*, not sitting.